# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 688 - 1 | **DATE** | 1/31/2003 |
| **CASE TITLE** | USA vs. Dawson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 2/12/03 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] At the next status hearing, trial will be set. Time from this day until 2/12/03 is excluded for continuity of counsel and motions under 18:3161 (h)(1)(X-H). Defendant's pretrial motion (45-1) is granted in part, his motions (46-1, 47-1, and 49-1) are granted. Defendant's motion (48-1) is denied as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 3 - 2003 date docketed | 55 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1/31/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| | MPJ | courtroom deputy's initials | 03 JAN 31 PM 5: 28 Date/time received in central Clerk's Office | MPJ mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

FEB 3 2003

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 CR 688 |
| ) | |
| PIERRE DAWSON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Pierre Dawson is charged with attempt and conspiracy to distribute a controlled substance. He has filed five pretrial motions which are granted and denied as follows.

**Motion for Immediate Disclosure of Favorable Evidence.** Mr. Dawson moves to compel production of any exculpatory evidence the government may have, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). In response, the government acknowledges its obligation to produce such evidence and asserts that it will do so promptly. The motion's general request for evidence is thus denied as moot. *See United States v. Bontkowski*, 49 F. Supp. 2d 1075, 1076 (N.D. Ill. 1999) (Bucklo, J.). Mr. Dawson's motion also includes requests for specific information, most of which is relevant to the impeachment of possible government witnesses. In response to these requests, the government is ordered to produce material impeachment evidence of which it has notice, including favorable treatment received by

government witnesses in exchange for their cooperation, information relating to the criminal records, drug use, or psychiatric history of government witnesses, and documents recording exculpatory statements made about Mr. Dawson by government witnesses. *See id.* at 1076.

**Motion for Production of 404(b) Material.** Rule 404(b) of the Federal Rules of Evidence governs the admission of a defendant's prior bad acts. Mr. Dawson moves that the government be required to disclose any 404(b) evidence it intends to use at trial thirty days before the trial begins. The government offers to provide the evidence ten days before trial. While some courts have held that such evidence may be disclosed as late as a week before trial, *see, e.g., United States v. French*, 974 F.2d 687, 695 (6th Cir. 1992), a defendant is entitled to the amount of notice reasonably necessary to prepare for trial. *See* FED. R. EVID. 404(b). If Mr. Dawson wishes to locate favorable witnesses or otherwise counter the 404(b) evidence, ten days is very little time to do so. *See United States v. Rusin*, 889 F. Supp. 1035, 1036 (N.D. Ill. 1995) (Bucklo, J.). The government is ordered to produce its 404(b) evidence, if any, thirty days before trial.

**Motion to Require Preservation of Rough Notes and Logs.** The government asserts that it has instructed its agents to preserve its notes from interviews with witnesses. The motion is therefore denied as moot. *See United States v. Benavides*, No. 93-507, 1993

U.S. Dist. LEXIS 13914, at *5 (N.D. Ill. Sep. 28, 1993) (Plunkett, J.).

**Motion for Production of Government Informants.** Mr. Dawson moves to compel the government to produce its informant for the purpose of service of a subpoena and an interview request. The government's privilege to withhold the identity of an informant must be balanced against a defendant's ability to defend himself without access to the informant. *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). Where an informant is a mere "tipster," whose involvement in the activity in question is minimal, the public's interest in protecting informants outweighs the defendant's interest in obtaining access to the informant in order to prepare his defense. *See United States v. Valles*, 41 F. 3d 355, 359 (7th Cir. 1994). But where the informant was a co-conspirator who was heavily involved in the alleged criminal activity, the defendant's right to prepare an adequate defense outweighs the government's privilege to keep the informant's identity secret. *United States v. Delgado*, No. 02-50002-4, 2002 U.S. Dist. LEXIS 12999, at *4 (N.D. Ill. Jul. 3, 2002) (Reinhard, J.).

Here, the informant was far more than a "tipster"; he or she participated in numerous recorded criminal conversations and meetings with Mr. Dawson. His or her testimony might be the only way Mr. Dawson could support his version of the facts. The government is therefore ordered to produce the individual referred

to as the "Confidential Source" at a mutually convenient time and place no later than thirty days before trial for the purpose of service of subpoena and request for pretrial interview.

**Motion for Early Return of Subpoenas.** The government agrees that an order for early return of subpoenas should be entered so long as it specifies that the order is mutual, that notice of the subpoena should be sent at the time the subpoena is issued, and that any information produced pursuant to subpoena should be exchanged promptly. It is so ordered.

Defendant's Motion for Immediate Disclosure of Favorable Evidence is GRANTED in part and DENIED in part. Defendant's Motion for Production of 404(b) Material is GRANTED. Defendant's Motion to Require Preservation of Rough Notes and Logs is DENIED as moot. Defendant's Motion for Production of Government Informants is GRANTED. Defendant's Motion for Early Return of Subpoenas is GRANTED as modified.

                                              **ENTER ORDER:**

                                              */s/ Elaine E. Bucklo*

                                              **Elaine E. Bucklo**
                                              United States District Judge

Dated:     January 31, 2003