

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 688 - all | **DATE** | 5/25/2004 |
| **CASE TITLE** | USA vs. Dawson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motions for judgment of acquittal and for a new trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 26 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 136 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/25/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No.  02 CR 688
                                   )
PIERRE DAWSON and ALFONZO INGRAM,  )
                                   )
            Defendants.            )

## MEMORANDUM OPINION AND ORDER

On February 4, 2004, defendant Alonzo Ingram was convicted on one count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine. Co-defendant Pierre Dawson was convicted on that count as well as one count of attempt to distribute in excess of five kilograms of cocaine. Both defendants have filed separate motions for judgment of acquittal and for a new trial.

Mr. Ingram's motion for judgment of acquittal is DENIED. Denial of a judgment of acquittal is appropriate unless the evidence is insufficient to sustain a conviction. FED. R. CRIM. P. 29(a). In making that determination, I review the sufficiency of the evidence in the light most favorable to the government and reverse "only if the record is devoid of evidence from which the jury could reach a finding of guilt." *United States v. Taylor*, 226 F.3d 593, 596 (7th Cir. 2000). Mr. Ingram argues that his acquittal on Count Two, attempt to distribute, calls into question his conviction on Count

156

One, conspiracy to distribute. It does not. Acquittal on a possession count does not render insufficient the evidence in support of a conspiracy conviction. *United States v. Billops*, 43 F.3d 281, 285 (7th Cir. 1994). The evidence presented at trial in support of Ingram's involvement in the conspiracy was far more than adequate to justify the jury's decision.

Mr. Dawson's motion for judgment of acquittal is DENIED. The motion does not present an argument that the evidence was insufficient to support the verdict; it posits, instead, that evidence was wrongly admitted, leading to his conviction. This argument is properly addressed by the motion for a new trial.

Mr. Ingram's and Mr. Dawson's motions for a new trial are DENIED. A district court may grant a new trial on the defendant's motion "if required in the interests of justice" because the verdict goes against the weight of the evidence. FED. R. CRIM. P. 33; *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). Such motions are disfavored and should only be granted in the most extreme cases. *United States v. Linwood*, 142 F.3d 418, 422 (&th Cir. 1998). As the defendants duplicate some arguments, and in any case adopt one another's motions, I will analyze the motions together.

None of the alleged errors complained of merits a new trial; the evidence against both defendants was damning. Some paragraphs essentially restate the motion for acquittal, discussed above.

Defendants argue that the jurors were falsely instructed that an individual determination as to each defendant is "possible," while the correct instruction would have been that an individual determination is necessary. This was a correct answer to the jurors' question and could not reasonably have led the jurors to believe that they had to convict both Mr. Dawson and Mr. Ingram of conspiracy. Defendants argue that the tapes of the defendants' conversations were not properly admitted because they were unauthenticated and incomplete duplicates. The testimony of the government's confidential informant established that the tapes were a true and accurate recording of the conversation; this is sufficient. *United States v. Carrasco*, 887 F.2d 794, 803 (7th Cir. 1989). Defendants argue that I erred in denying the motion to strike the testimony of Oscar Diaz because he testified that he did not know whether he would be prosecuted for his offenses and because of his "contingent fee" arrangement with the government. Mr. Diaz' agreement with the government provided that he would not be prosecuted as long as he testified truthfully; therefore, during his testimony, the deal was not yet complete, and Mr. Diaz' answer was accurate. Defendants cite no authority for the proposition that contingent reward arrangements with cooperating witnesses are a miscarriage of justice. The Seventh Circuit has voiced some concern about the practice, but has refused to overturn convictions based on contingent-fee witness testimony. *United States v. Estrada*, 256

3

F.3d 466, 471-72 (7th Cir. 2001). Defendants argue that the trial was rendered unfair by the testimony of Rose Aubrey, who gave evidence of prior drug transactions engaged in by the defendants. Ms. Aubrey's testimony was appropriate under Rule 404(b). Defendants argue that the presence of only three African-Americans in the venire violated the defendants' right to a jury of their peers. However, there is no requirement that a venire or jury reflect community makeup; as long as the initial list of potential jurors included a cross-section of the community and the selection process was fair, a venire or jury with few or no minority members does not provide a basis for any challenge. United States v. Phillips, 239 F.3d 829, 841 (7th Cir. 2001). Here, defendants make no allegation that anything other than chance determined which potential jurors were part of the venire. Defendants argue next that the defendants were unfairly prejudiced by the introduction of evidence regarding attorney Doug Mulder, but they offer no explanation why this evidence was prejudicial. Defendants argue that the defendants were denied their Sixth Amendment right to cross examine witnesses because of a number of rulings I made at trial. Defendants do not explain why those rulings were incorrect, nor why, if they were incorrect, they justify a new trial. Defendants state without any explanation or argument that I erred in denying the defendants' requested jury instructions, pretrial motions, and oral motions and objections. These cursory arguments

do not merit analysis. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim ... [e]specially not when the brief presents a passel of other arguments." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

ENTER ORDER:

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: May 25, 2004