UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 02 CR 688 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| PIERRE DAWSON | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE
PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this response to defendant Pierre Dawson's motion for relief under Section 404 of the First Step Act. For the reasons explained below, defendant's motion should be denied.

I.   **FACTUAL BACKGROUND**

On November 19, 2002, a grand jury returned a two-count indictment against defendant Pierre Dawson and his co-defendant, Alfonzo Ingram: Count One charged Dawson and Ingram with conspiring to possess with the intent to distribute in excess of 5 kilograms of mixtures containing cocaine, in violation of Title 21, United States Code, Section 846; and, Count Two charged Dawson and Ingram with attempting to possess with intent to distribute in excess of 5 kilograms of mixtures containing cocaine on July 12, 2002, in violation of Title 21, United States Code, Section 846. Dkt. No. 24.

Defendants proceeded to trial. With respect to Dawson, on February 4, 2004, the jury returned a verdict of guilty as to both counts of the indictment. Dkt. No. 136.

1

On June 9, 2004, the Court sentenced Dawson to a term of 360 months' imprisonment. Dkt. No. 164. In imposing its sentence, the Court found that defendant's base offense level was 38, because he was responsible under the Guidelines for at least 90 kilograms of crack cocaine and 321 kilograms of power cocaine. Exh. A[1] at 12-13, 17-20. The Court also found that defendant's criminal history placed him in Criminal History Category V. Exh. A at 19; see also Statement of Correction to PSR (dated June 9, 2004) (correcting prior criminal history calculation, from 12 points to 11 points, per Court's ruling at the sentencing hearing). With a combined offense level of 38 and a Criminal History Category V, the Court found that defendant's guideline range was 360 months to life imprisonment. Exh. A at 20. Defendant was also subject to a mandatory minimum sentence of 120 months. PSR at lines 809-10. Ultimately, the Court sentenced DAWSON to a term of 360 months' imprisonment. Dkt. No. 164; Exh. A at 25.

Dawson filed a direct appeal, which was denied by the Seventh Circuit. *United States v. Dawson*, 425 F.3d 389, 392 (7th Cir. 2005) (affirming conviction and ordering a limited remand in light of *United States v. Booker*, 543 U.S. 220 (2005)) and *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005)); *United States v. Dawson*, 170 Fed. Appx. 974, 975, 2006 WL 690900, at *1 (7th Cir. March 17, 2006) (affirming sentence upon the district court's statement that it would have imposed the same sentence under advisory, rather than mandatory, guidelines).

---

[1] Exhibit A is the transcript of Dawson's sentencing hearing. The transcript of the sentencing hearing was obtained from the supplemental record submitted in Dawson's direct appeal, *United States v. Dawson*, 425 F.3d 389 (7th Cir. 2005).

DAWSON also pursued two § 2255 petitions. On May 10, 2007, Dawson filed his first § 2255 petition. *See* Docket, 07 CV 2655. The Court denied the petition, as well as series of related motions filed by Dawson. The Court entered judgment on October 22, 2007. *See id.*, Dkt. Nos. 6-8, 15, 19-22, 25-26, 29-35, 38, 49, 52-53. DAWSON appealed the denial of his § 2255 petition, as well as the Court's denial of other motions. *See id.*, Dkt. Nos. 11, 17, 36-37, 46-47, 55. In total, four appeals were docketed by the Seventh Circuit - 07-2725, 08-1028, 08-1029, 08-1591 - all of which were dismissed. *See id.*, Dkt. Nos. 28, 54, 63-65.

Dawson filed his second § 2255 petition on February 24, 2010. *See* Docket, 10 CV 1245. *See id.*, Dkt. Nos. 3-4, 7-8. The Court dismissed the petition and numerous related motions filed by Dawson. *See id.*, Dkt. Nos. 12-13. Dawson filed subsequent motions seeking reconsideration, *see id.*, Dkt. Nos. 16-18, 21, which the Court denied and, ultimately, transferred Dawson's second § 2255 petition to the Seventh Circuit, *see id.*, Dkt. Nos. 17-20, 22.

On December 1, 2014, Dawson filed a motion for reduction of sentence pursuant to Title 18, United States Code, Section 3582(c). Dkt. No. 280. The Court denied the motion, finding that the retroactive amendment "is not applicable to Mr. Dawson because the amendment does not have the effect of lowering his guideline range of 38, based on drug quantity." Dkt. No. 338.

On September 7, 2021, DAWSON filed the instant motion. Dkt. No. 361.

## II. FIRST STEP ACT

Section 404 of the First Step Act, enacted in December 2018, makes retroactive

3

the portions of the Fair Sentencing Act of 2010 that lowered the threshold quantities triggering different statutory penalties for certain offenses involving crack cocaine.[2] Specifically, the First Step Act applies to any "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." The First Step Act provides that, in such cases, a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(c) of the

---

[2] Section 404 of the First Step Act (Pub. L. 115-391, 132 Stat. 5194) reads as follows:

Application of Fair Sentencing Act

(a) Definition of Covered Offense – In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372), that was committed before August 3, 2010.

(b) Defendants Previously Sentenced – A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372), were in effect at the time the covered offense was committed.

(c) Limitations – No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of the Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act states that the court may not "entertain a motion" under § 404 if the defendant's sentence was "previously imposed or previously reduced in accordance with the amendments" made by the same sections of the Fair Sentencing Act of 2010.

As relevant here, Section 2 of the Fair Sentencing Act modified the penalties in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) for offenses involving cocaine base or "crack." Specifically, Section 2 of the Fair Sentencing Act lowered the penalties applicable to offenses involving crack cocaine by increasing the statutory thresholds for application of enhanced mandatory minimum and maximum sentences for such offenses. The Fair Sentencing Act made no modifications to the statutory penalties for offenses involving powder cocaine. 21 U.S.C. § 841(a)(1) (2006 & Supp. IV).

In sum, any defendant who committed the offense of conviction before August 3, 2010 and whose sentencing exposure was altered under sections 2 or 3 of the Fair Sentencing Act of 2010 is entitled to consideration of a reduced sentence. The Court, though, has discretion regarding whether to reduce the sentence of an eligible defendant; nothing in Section 404 of the First Step Act "require[s] a court to reduce any sentence pursuant to this section." First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). In considering a First Step Act motion to reduce a sentence, therefore, a court must first determine whether the defendant is eligible for relief and, if so, whether the court should exercise its discretion to reduce the defendant's motion.

In *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020), the Seventh Circuit interpreted the term "covered offense"—that is, an offense for which the Court may

5

impose a reduced sentence under § 404 of the First Step Act—as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." The court held that "the statute of conviction alone determines eligibility for First Step Act relief," and found that defendant's conviction for conspiring to distribute crack cocaine was a covered offense under the plain language of the statute, "because the Fair Sentencing Act modified the penalties for crack offenses as a whole, not for individual violations." Under *Shaw*, only defendants convicted prior to August 3, 2010, of statutory violations the penalties for which were altered by the Fair Sentencing Act even potentially eligible for relief under § 404 of the First Step Act.

### III. ANALYSIS

Dawson is not eligible for relief under § 404 of the First Step Act. Although defendant committed the offenses of conviction prior to August 3, 2010, those offenses involved powder cocaine, not cocaine base or crack. As noted above, Dawson was charged and convicted of conspiring to possess cocaine with intent to distribute (Count One), and attempting to possess cocaine with intent to distribute (Count Two), and was thus subject to the enhanced penalties provided by 21 U.S.C. § 841(b)(1)(A)(ii). He was neither charged nor convicted under a statute involving cocaine base or crack, with penalties altered by the Fair Sentencing Act. The ten-year mandatory minimum and the statutory maximum of life that applied to him derived from 21 U.S.C. § 841(b)(1)(A)(ii)—a provision not altered by the Fair Sentencing Act.

At sentencing, the Court found as a matter of fact for purposes of calculating

6

his Guidelines range that, in addition to the 38 kilograms of cocaine involved in the transaction charged in Count Two, Dawson was accountable for a total of 283 kilograms of cocaine, plus a single load of 90 kilograms of crack cocaine. Exh. A at 12-13, 17-20. Although these figures were considered by the court in determining Dawson's Guidelines range, they played no role in determining the statutory penalties to which he was subject. As this Court held in *Shaw*, the statute of conviction, rather than the drug quantity for which defendant was held accountable at sentencing, that governs the question of whether defendant was convicted of a "covered offense," and thus eligible for relief under § 404. Section 2 of the Fair Sentencing Act had no applicability to Dawson's conviction for possessing, and conspiring to possess, powder cocaine, and thus his statutory sentencing exposure remained the same after the Fair Sentencing Act's effective date.

Therefore, Dawson is not eligible for relief.

## IV. Conclusion

As explained above, because Dawson is not eligible to receive relief under § 404 of the First Step Act, his motion should be denied.

                    Respectfully submitted,

                    JOHN R. LAUSCH, JR.
                    United States Attorney

BY:  */s/ Kristen Totten*
      KRISTEN TOTTEN
      Assistant United States Attorney
      219 S. Dearborn
      Chicago, Illinois 60604
      (312) 371-8440

# CERTIFICATE OF SERVICE

I, KRISTEN TOTTEN, hereby certify that, on October 7, 2021, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE
PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

was served pursuant to the district court's ECF system as to ECF filers.

  */s/ Kristen Totten*
KRISTEN TOTTEN
Assistant United States Attorney
219 S. Dearborn
Chicago, Illinois 60604
(312) 371-8440

1